UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTAN D. ADAMS, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 1:12-cv-00219-NT |
| | ) |
| PENOBSCOT COUNTY JAIL OFFICER, | ) |
| | ) |
|     Defendant | ) |

**RECOMMENDED DECISION**

Justan D. Adams wants to sue two John Doe individuals, a jail guard and the guard's helper, who were on duty when Adams was admitted to the Penobscot County Jail. Adams also references a third individual who was somehow involved. Adams has received repeat opportunities to clarify and explain his complaint, but has not done so. He appears to be convinced that he must have subpoenas to identify the names of the individuals who were on duty when he was admitted to the jail in order to be able to properly state a claim. Adams simply does not seem to understand that before he can engage the rules of this Court to obtain the identity of these individuals, he has to plead sufficient facts to establish that he has a claim against one or more individuals.

Adams alleges that on some unknown date he was admitted to the Penobscot County Jail. During his "lockup" he was "yelled at and told to shut up many times." He was forced to wear a "blue suit" when "they said [he] was suicidal." Someone, presumably one of the John Does, grabbed him from behind and told him that he had to do what he was told and respect the workers. Adams does not believe that jail guards, "the Sheriff's men," should act this way with

inmates. Adams also complains that "the hole" where he was held "smelled like pee." (Am. Comp., ECF No. 18-1.)

Jails are unpleasant places and jail guards are sometimes downright nasty to prisoners. Simply alleging facts that support those two basic propositions does not amount to a claim that a defendant's constitutional rights have been violated. Furthermore, in order to obtain monetary damages as compensation for any emotional or mental injuries caused by the guards, 42 U.S.C. § 1997e(e) requires that Adams would have to plead and prove that he suffered some sort of physical injury in connection with the insults and verbal abuse. Adams has made no such allegations. The First Circuit has not had occasion to mention 42 U.S.C. § 1997e(e). However, elsewhere prisoners have seen their lawsuits fail when they alleged far more egregious conduct than does Adams because of a want of physical injury. See, e.g., Evans v. Allen, 981 F. Supp. 1102, 1107, 1109 (N.D. Ill. 1997) (bodily fluids thrown at prisoner insufficient). Adams's failure to allege physical injury is fatal to any claim for damages.

However, even if Adams had alleged a sufficient physical injury, his claims against these John Doe officers would fail on the merits. Indeed, the physical injury requirement of 42 U.S.C. § 1997e(e) dovetails into the showing required to demonstrate a constitutional violation. Prior to the Prison Litigation Reform Act, and still true today, a claim for cruel and unusual punishments under the Eighth Amendment has required more than a de minimis use of physical force. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992); Singlar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (defining 42 U.S.C. § 1997e(e)'s "physical injury" threshold in reference to the Hudson standard for de minimis use of force). See also Bell v. Wolfish, 441 U.S. 520 (1979) (discussing the circumscribed due process rights of pre-trial detainees). With respect to the level of conduct necessary to support an Eighth Amendment claim (as opposed to injury), this court

2

has previously stated that verbal threats, name-calling, and threatening language are not actionable under § 1983.  Ellis v. Meade, 887 F. Supp. 324, 329-30 (D. Me. 1995).  Guided by these standards I conclude that the events Adams describes as occurring upon his admission to the Penobscot County Jail are not actionable under 42 U.S.C. § 1983.

This is not Adams's first attempt at litigation involving the Penobscot County Jail.  In Adams v. State of Maine/Penobscot County Jail, 1:09-cv-00304, Adams brought suit against the jail for what he described as kidnapping, tort of false arrest, and causing an emotional breakdown.  The Court dismissed that complaint on August 21, 2009.  Adams took no appeal from the judgment of dismissal.  On August 23, 2012, Adams filed a motion to "reopen" that case which motion was denied and no appeal was ever taken.  Whether that case is related in some way to the present litigation is unknown.

On February 24, 2010, Adams filed another "complaint" against the State of Maine, claiming that "being picked up by the police for no reason really sucks."  Adams v. State of Maine, 1:10-cv-00082-JAW.  This pleading was accompanied by a motion to proceed in forma pauperis.  Adams indicated that during the past year he received disability or workers compensation payments but did not indicate the amount of those payments.  I ordered him to supplement his motion by providing that information and gave him until March 15, 2010, to do so.  I also instructed him that he would have to file an amended complaint naming a defendant who was not immune from suit in this court and stating a cognizable legal claim.  A copy of my order was mailed to the address provided by Adams when he filed his complaint.  It was returned to this Court as undeliverable because the addressee was not known at the address provided.  A judgment of dismissal eventually entered on April 7, 2010.  Adams never communicated with the

Court again regarding that case until June 14, 2011, when he filed another of his motions to "reopen" the case. (ECF No. 12.) The motion was denied and no appeal was taken.

Because Adams's current complaint fails to state a claim for reasons explained above and because his prior litigation history with this Court suggests that repeated opportunities to correct pleading deficiencies will be unavailing, I recommend that this Court summarily dismiss this complaint rather than subject Penobscot County to service of this nuisance complaint in order to engage the wheels of discovery in order to name jail guards who are the putative John Doe defendants. If Adams's complaint stated any plausible claim or had any rational basis, I would not recommend a summary dismissal pursuant to this Court's authority under 28 U.S.C. § 1915 and Neitzke v. Williams, 490 U.S. 319, 324 (1989) ("Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."). However, the complaint simply fails to state a claim.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 10, 2012                /s/ Margaret J. Kravchuk
                                  U.S. Magistrate Judge